Jeff D. McCutcheon, Appellant *v.* I.T.E. Imperial
Corp. and Liberty Mutual Insurance
Company, Appellees.

Argued February 8, 1974, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Robert Land,* with him *Shuman, Denker & Land,* for appellant.

*Joseph T. Bodell, Jr.,* with him *Joseph R. Thompson,* for appellee.

OPINION BY JUDGE ROGERS, March 13, 1974:

The appellant, Jeff D. McCutcheon, alleging injuries suffered in an accident at work which occurred in January 1964, filed his claim petition on December 29, 1969. The referee disallowed compensation because of the late filing of the claim and the Workmen's Compensation Appeal Board affirmed.

Section 315 of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, 77 P.S. §602, here applicable, provided that all claims "shall be forever barred, unless, . . . within sixteen months after the accident one of the parties shall have filed a petition. . . ." The only grounds asserted by the appellant in justification of the timeliness of his petition filed almost six years after the accident is that he did not know of the requirement of Section 315 and that he had not been provided with a brochure described in then Section 304.1 of the Act, 77 P.S. §483. That section added to the Act in 1961 and repealed by Act No. 61 of 1972, approved May 1, 1972, required the Secretary of Labor and Industry to prepare a brochure of instructions setting forth the rights of an employe in

the event of an accident and informing him of the time and manner in which a claim should be filed and further required insurance companies to prepare copies of the brochure for distribution to employers and employers to distribute such brochures to their employes.

The appellant's contention that because, as he asserts, he was not given a brochure, he was not bound timely to file a petition is utterly without merit. Assuming that such a brochure was ever prepared by the Secretary, a fact not of record here, neither Section 304.1 nor any other provision of the Act expresses a legislative intent that a consequence of the failure to provide a brochure should be the extension of the time for filing a claim petition or for doing other things provided in the Act. In the one instance where the Legislature desired to extend the period, it did so explicitly and in Section 315 by providing that where payments of compensation have been made the limitation should not take effect until the expiration of sixteen months[1] from the time of making the most recent payment.

The appellant does not contend that the employer did anything to mislead the appellant with reference to filing a timely claim.

The order of the Workmen's Compensation Appeal Board dismissing the appeal is affirmed.

---

[1] Now two years, by Section 19 of the Act No. 61 of 1972, approved May 1, 1972.